UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL ALLEN SCHRANK,

        Plaintiff,

  v.

        Case No. 19-cv-763-pp

NANCY A. BERRYHILL,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not married, not employed, and that he has no dependents that he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff receives $600 per month in Wisconsin Food Share, id. at 3, which he states "is a 'bundled' amount covering [himself] and [his] significant other, her daughter and her two

grandchildren," id. at 4. The plaintiff's monthly rent is $275, id. at 3, and he says he is supposed to be paying that amount as his "share of the rent plus ½ of the utilities" but that he has "been unable to pay these expenses since stopping work," id. at 4. The plaintiff owns a 2003 Chevy Trailblazer worth approximately $500, he has no cash on hand or in a bank account, and he owns no other property of value. Id. at 2, 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that the evidence in the record has established his entitlement to disability insurance benefits and that the defendant's determination that the plaintiff was not disabled from February 28, 2008 through September 2, 2015 is not supported by the substantial evidence provisions of the Social Security Administration regulations, 20 CFR §§404.970 and 416.1470. Dkt. No. 1 at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be

2

a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 23rd day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**